The defendant has appealed to this court from his conviction on two counts of harassment *Page 429 
in violation of General Statutes 53a-183.[1] The charges arose from two threatening telephone calls made by the defendant to the complainant, a former girlfriend. Several days after she received the second of these calls, the complainant observed the defendant sitting on the curb in front of her house with a baseball bat in his hands. She called the police. When the officer arrived, he also observed the defendant with the bat.
The officer seized the bat and told the defendant to leave the area. The officer then left. Shortly thereafter, the officer returned to the scene and arrested the defendant.
During the trial, the defendant made an oral motion to suppress the introduction of the baseball bat as an exhibit. The prosecutor stated that he did not intend to introduce the bat as an exhibit and agreed to its removal from the courtroom. There is nothing in the record which indicates that there was ever any decision by the court on the motion to suppress.
On appeal, the defendant argues that the court erred in allowing the arresting officer thereafter to testify, over the objection of counsel, that he observed a baseball bat in the defendant's possession after it had ordered the evidence suppressed. This claim is without merit. There is nothing in the record which supports the defendant's argument that the evidence was, in fact, suppressed. There is therefore no factual basis for the legal claim being raised.
Further, we fail to see any harm to the defendant in the admission of testimony concerning the bat. The complainant had previously testified that she observed the defendant sitting on the curb outside her house holding the bat. Thus, the jury had the evidence before *Page 430 
it prior to the defendant's motion to suppress. Moreover, the evidence of the baseball bat was relevant only to the charge of tampering with a witness of which the defendant was acquitted. It had no bearing whatsoever on the charges of harassment which stem from the threatening phone calls made by the defendant to the complainant. The defendant concedes this to be the case in his brief.
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.